**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LEMONT LOVE, | : | |
| | : | |
| Plaintiff, | : | Civil No. 11-4500 (JAP) |
| | : | |
| v. | : | |
| | : | |
| LAW OFFICE OF RICHARD M. ROBERTS, et al., | : | **O P I N I O N** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Lemont Love, Pro Se
#331321C
Northern State Prison
P.O. Box 2300
Newark, NJ, 07114

**PISANO, District Judge**

Plaintiff, Lemont Love, currently confined at the Northern State Prison, Newark, New Jersey, seeks to bring this action in forma pauperis, without prepayment of fees, pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary

relief from a defendant who is immune from such relief.  For the following reasons, plaintiff's complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue Richard Roberts, a private attorney that he hired for various reasons, and the Law Office of Richard Roberts.  He states that defendant Roberts lied to him, tricked him into pleading guilty, didn't file appropriate motions, rarely kept appointments or answered calls, and only saw him twice at the jail.  Plaintiff eventually hired another attorney, but complains that defendant Roberts took his money and did "absolutely nothing to earn it."  (Complt., ¶ 6).  Plaintiff also filed an ethics complaint against defendant, which remains pending.  (Complt., ¶ 5).

He asks for monetary and other relief.

## DISCUSSION

### A.   Standard of Review

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, because plaintiff is a prisoner and is proceeding as an indigent.

Recently, the Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  See id. at 1948.  The Supreme Court's ruling in Iqbal emphasizes that a

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required." Fed. R. Civ. P. 8(d).

3

plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

**B.     42 U.S.C. § 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the

Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.  Plaintiff's Claims Will Be Dismissed.**

First, the Court notes that Defendants are not proper defendants in this § 1983 action.  As a private attorney, Defendant Roberts is not a state actor for purposes of § 1983.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Additionally, liberally construing the complaint, Plaintiff may be alleging that he received ineffective assistance of counsel during his criminal proceedings.  However, Plaintiff has not pled that his conviction has been overturned or reversed on appeal or other collateral review, to allow him to be awarded monetary damages.  See Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, if plaintiff asserts that there were violations in his criminal cases and seeks release, his claims are not

5

cognizable in this § 1983 action; rather, Plaintiff must file a habeas petition asserting constitutional violations, pursuant to 28 U.S.C. § 2254, after exhaustion of his state court proceedings.  See Preiser v. Rodriguez, 411 U.S. 475 (1973).

## CONCLUSION

Based upon the foregoing, Plaintiff's complaint will be dismissed.  The Court will file an appropriate order.


/s/Joel A. Pisano
JOEL A. PISANO
United States District Judge


Dated: October 17, 2011